1  Thomas J. Cesta (AZ SBN 021453)
   **BRINKMAN PORTILLO RONK, APC**
2  18444 N. 25th Avenue
   Phoenix, AZ 85016
3  Tel: (480) 499-3550 | Fax: (800) 381-2192
   AZ@brinkmanlaw.com
4
5  Daren R. Brinkman (Limited Admission)
   Laura J. Portillo (Limited Admission)
6  Kevin C. Ronk (Limited Admission)
   **BRINKMAN PORTILLO RONK, APC**
7  4333 Park Terrace Drive, Ste. 205
8  Westlake Village, CA 91361
   Tel: 818.597.2992 | Fax: 818.597.2998
9  AZ@brinkmanlaw.com
10
   *Counsel for the GH USC Trustee*
11
              **UNITED STATES BANKRUPTCY COURT**
12
                      **DISTRICT OF ARIZONA**
13

14 In Re:                          | Chapter 11
15 GILBERT HOSPITAL, LLC,          | Case No.: 2:14-bk-01451-MCW
16              Debtor.            | **1)MOTION TO WITHDRAW THE
                                   | REFERENCE CONCERNING NEW VISION
17                                 | HEALTH'S MOTION FOR ORDER TO
                                   | SHOW CAUSE AND 2)CREDITOR
18                                 | TRUSTEE'S MOTION AND RELATED
19                                 | PAPERS**
20

21         David Gottlieb, as Trustee (the "Creditor Trustee") of the GH USC Trust (the "Trust"), by
22
   and through his undersigned counsel, hereby moves pursuant to 28 U.S.C. § 157(d), Federal Rule
23
   of Bankruptcy Procedure 5011, and Local Rule of Bankruptcy Procedure for the District of
24
   Arizona 5011-2 to withdraw the reference to the U.S. Bankruptcy Court to hear and consider the
25
   following motions:
26
27         1.      *Motion for Order Directing the Gilbert Hospital Unsecured Creditors Trust to*
28

                                          I
                            Motion to Withdraw the Reference

*Produce following Information About its Operations; and to Show Cause Why its Trustee and Counsel Should Not Be Replaced* (the "Motion for OSC") [Dkt. No. 1842]; and

2.      Creditor Trustee's *Motion for Reconsideration of Order Granting the Reorganized Debtor's Application in Part and Ordering Trustee for Gilbert Hospital's Unsecured Creditors Trust to Produce an Accounting* (the "Motion for Relief From Order"). Docket No. 1852  and related proceedings.

The Motion for OSC, the Motion For Relief From Order and related proceedings involve substantive and significant issues of state law that are not core bankruptcy matters. The Creditor Trustee does not consent to the jurisdiction of the bankruptcy court to enter final orders on this matter. The Creditor Trustee requests that the reference of this case be withdrawn to the District Court with respect to the above referenced motions.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      STATEMENT OF RELEVANT FACTS

1.      Gilbert Hospital, LLC ("GH") filed for bankruptcy on February 5, 2014.

2.      The first version of a plan of reorganization was filed on November 17, 2014. The final version of the Plan, the *Second Amended and Restated Joint[1] Plan of Reorganization for Gilbert Hospital, LLC and Florence Hospital at Anthem, LLC Proposed by Gilbert Hospital, LLC and Bank SNB Dated May 4, 2015 (as Amended and Restated on June 25, 2015, July 17, 2015, August 2, 2015, and August 18, 2015)* (the "Plan") was filed on October 7, 2015 at docket number 1251.

3.      The Plan was confirmed by the Court on October 23, 2015 through the *Findings of*

---

[1] GH's bankruptcy case was procedurally consolidated with the bankruptcy case of Florence Hospital at Anthem, LLC ("FHA"), No. 13-03201-BMW, for the purpose of confirmation of a joint plan. The cases were separated back to their original courtrooms after confirmation of the Plan.

2
Motion to Withdraw the Reference

*Fact, Conclusions of Law, and Order Confirming Second Amended Joint Plan of Reorganization* (the "Confirmation Order"). Docket No. 1277.

4.      An appeal was taken from the Confirmation Order, resulting in a stipulation among the interested parties resolving the conflict and the entry of the *Stipulated Order Amending Findings of Fact, Conclusions of Law and Order Confirming Second Amended Joint Plan of Reorganization and Declaring Effective Date* (the "Amended Confirmation Order") on February 29, 2016. Docket No. 1491.

5.      Together, the Plan, Confirmation Order, and Amended Confirmation Order make up the "Confirmed Plan Documents."

6.      The Effective Date of the Confirmed Plan Documents was February 19, 2016. Amended Confirmation Order at ¶ 18.

7.      The Confirmed Plan Documents created an Arizona state Trust to receive funds from GH and GH's new management company, New Vision Health, LLC ("NVH"), for distribution to the general unsecured creditors of GH.

8.      On January 10, 2018, NVH filed the Motion for OSC.

9.      On January 12, without notice to the Creditor Trustee and without giving the Creditor Trustee an opportunity to respond to the Motion for OSC, the Bankruptcy Court granted, in part, the Motion for OSC in the *Order Granting Reorganized Debtor's Application in Part and Ordering Trustee for Gilbert Hospital's Unsecured Creditors Trust to Produce an Accounting* ("Accounting Order"). Docket No. 1846. The Accounting Order is attached hereto as Exhibit "A".

10.      The Accounting Order instructed the Creditor Trustee to produce and file with the Bankruptcy Court, among other things, "[d]etailed invoice and billing records, including time entries, to justify payments made to professionals." Accounting Order at p. 2.

3
Motion to Withdraw the Reference

11.     On January 26, 2018, the Creditor Trustee filed a timely *Motion for Reconsideration of Order Granting the Reorganized Debtor's Application in Part and Ordering Trustee for Gilbert Hospital's Unsecured Creditors Trust to Produce an Accounting* (the "Motion for Relief From Order"). Docket No. 1852. The Motion For Relief from Order is attached hereto as Exhibit "B".

12.     The basis for the Motion for Relief From Order is that the Bankruptcy Court made substantial errors of law in entering the Accounting Order. Among those errors is failing to consider the Creditor Trustee's state law attorney-client privilege interest in the billing records he received from his counsel.

13.     The outcome of both the Motion for Relief From Order and the Motion for OSC depend on substantial state law issues, including both on trusts and attorney-client privilege.

14.     Neither the Motion for Relief From Order nor the Motion for OSC are core matters under 28 U.S.C. § 157(b)(2).

15.     The Creditor Trustee does not consent to the Bankruptcy Court entering a final order on these state law, non-core matters.

## II.     LEGAL STANDARD

"Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a). The District of Arizona has provided that all bankruptcy cases shall be referred to the Bankruptcy Court for the District of Arizona. See General Order 01–15 (June 29, 2001). However, the District Court "may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d).

In determining if cause exists to withdraw a reference to the bankruptcy court, "a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers, 124 F.3d 999, 1008 (9th Cir. 1997) (citing In re Orion Pictures Corp., 4 F.3d 1095, 1101 (2d Cir. 1993)).

### III.    CAUSE EXISTS TO WITHDRAW THE REFERENCE TO THE BANKRUPTCY COURT FOR THIS PROCEEDING

#### A.  The Creditor Trustee's Powers, Duties and Performance Arise From State Contract Law and are not Related to the Bankruptcy Code

The *Findings of Fact, Conclusions of Law, and Order Confirming Second Amended Joint Plan of Reorganization and Declaring Effective Date*[2] (the "Confirmation Order"), states "[t]he GH USC Trust Agreement is approved to be executed substantially in the form attached as Exhibit D to the Plan Supplement filed at FHA DE 1065. David K. Gottlieb shall be appointed the GH USC Trustee on the Effective Date, pursuant to the terms of the GH USC Trust Agreement."  See Confirmation Order at pg. 18.

Paragraph 5 of Article I of the GH Creditor Trust Agreement states:

> **5. Agents and Professionals; Employees**.  The Creditor Trust may employ such counsel (which may be the same counsel employed by the Debtor's, Creditors' Committee or any member thereof), advisors (which may be the same advisors formerly employed by the Debtor, the Creditors' Committee or any member thereof) and other professionals (hereinafter, individually referred to as a "Professional" and collectively as "Professionals") selected by the Creditor Trustee that the Creditor Trust reasonably requires to perform its responsibilities without further order from the Bankruptcy Court. The Creditor Trust's Professionals shall be compensated on such basis as agreed to by the Creditor Trustee, and paid upon seven (7) calendar days' notice to the Creditor Trustee and Creditor Trust Board, without further motion, application, notice or other order of the Bankruptcy Court.  Any such Professional seeking compensation of post-Effective Date

---

[2] The Confirmation Order was amended by the *Stipulated Order Amending Finding of Fact, Conclusions of Law, and Order Confirming Second Amended Joint Plan of Reorganization and Declaring Effective Date* (the "Stipulated Order").  The Stipulated Order states, in part, "[t]he Confirmation Order attached hereto as **Exhibit "F"** [FHA DE 1183 and GH DE 1277] as modified by this Stipulated Order is in full force and effect and the Parties are authorized to take all necessary actions to implement the terms of the Confirmation Order and the terms of the Amended Joint Plan."

5

Motion to Withdraw the Reference

fees and expenses shall submit to the Creditor Trustee and Creditor Trust Board a billing statement which shall include documentation of the fees and expenses sought. If such parties fail to object to any such billing statement within seven (7) calendar days from service of such billing statement, the fees and expenses requested thereby shall be deemed allowed and the Professional shall thereafter be immediately entitled to the compensation requested thereby and the Creditor Trustee shall forthwith pay such compensation to the Professional. If an objection to the Professional's billing statement is timely served by any such party and no consensual resolution can be reached the Professional may ask the Bankruptcy Court to resolve the dispute.
See pg. 9 of Creditor Trust Agreement.

Under applicable law, the Plan of Reorganization is a contract. It is well-established bankruptcy law that a chapter 11 plan of reorganization is a contract between the proponent and those bound by it. In re Stratford of Texas, 635 F.2d 365 (5th Cir. 1981). The provisions of the plan are treated as terms of a contract and the parties may sue to enforce obligations found in the plan. The Plan, incorporating the Agreement, is unambiguous and clear on its face. Stratford emphasizes that the Court should not allow extrinsic evidence unless a plan, treated as a contract is ambiguous. This is consistent with Arizona law which holds that where the provisions of a contract are plain and unambiguous upon their face, they must be applied as written, and the court will not expand it beyond its plain and ordinary meaning or add something to the contract which the parties have not put there. Employers Mut..Cas. Co. v. DGG & CAR, Inc., 218 Ariz. 262 (2008).

**B. Judicial Economy Will Be Bolstered by Withdrawing the Reference**

    **a. The Bankruptcy Court Lacks Jurisdiction to Enter Final Judgment**

"In analyzing the efficiency factor, courts first consider whether the Bankruptcy Court has jurisdiction to enter final judgment for the claims at issue." Facebook, Inc. v. Vachani, 577 B.R. 838, 846 (N.D. Cal. 2017).

Pursuant to Stern v. Marshall, 564 U.S. 462 (2011), the bankruptcy court is forbidden from

issuing a final judgment "on a common law cause of action, when the action neither derives from nor depends upon any agency regulator regime." Stern at 494. This is the case even where the proceeding is defined as "core" under 28 U.S.C. § 157(b). Thus, a bankruptcy court may lack the constitutional authority to make a final ruling on an action even if it has the statutory authority to do so. Where a claim does not "stem[] from the bankruptcy itself," the bankruptcy court lacks authority to finally decide that claim. Id. at 499; see also In re Yellowstone Mountain Club, LLC, 841 F.3d 1090, 1096 (9th Cir. 2016).

> A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed finding and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

28 U.S.C. § 157(c)(1). The provisions of section 157(c)(1) apply to 'Stern claims' – claims that are "designated for final adjudication in the bankruptcy court as a statutory matter, but prohibited from proceeding in that way as a constitutional matter." Exec. Benefits Ins. Agency v. Arkison, --- U.S. ---, 134 S.Ct. 2165, 2174 (2014). Therefore, where the bankruptcy court is presented with either a non-core proceeding or a Stern claim, its findings are subject to de novo review by the district court. 28 U.S.C. § 157(c)(1).

### i. The Bankruptcy Court Lacks Jurisdiction Because This Proceeding is Non-Core

This case presents issues that "do not depend on bankruptcy laws for their existence and that could proceed in another court." Sec. Farms, 124 F.3d at 1008 (citing In re Castlerock Properties, 781 F.2d 159, 162 (9th Cir. 1986)). The main issues involved in deciding the Motion for OSC and the Motion for Relief From Order revolve around Arizona state laws on contracts, trusts and the attorney-client privilege. These "state law claims [do] not depend on Title 11 . . .

but [are] in federal court only because of their potential impact on the administration of [the] estate. They [are] non-core." Sec. Farms, 124 F.3d at 1008-09.

### ii.    If This Proceeding Were Core, it Would Present an Arizona state law Stern Claim

The Creditor Trustee firmly believes that this proceeding is non-core. However, were this proceeding to be deemed non-core by virtue of the "catch-all" provision of 28 U.S.C. § 157(b)(2)(A) or otherwise, it would certainly present the bankruptcy court with a Stern claim. The Supreme Court has found that "assignment of such state law claims for resolution by [bankruptcy] judges 'violated Art. III of the Constitution." Stern, 564 U.S. at 485 (quoting Northern Pipeline Constr. Co. v. Marathon Pipe Line Co., 458 U.S. 50, 52 (1982) (plurality opinion)). Entry of a final judgment on a state common law claim involves exercising the "judicial Power of the United States," which bankruptcy judges are not permitted to do. Id. at 487. This proceeding, whose outcome depends on claims of state law, would present a Stern claim if it were core.

### b.  Judicial Economy Favors a Single Proceeding

"Inasmuch as a bankruptcy court's determinations . . . are subject to *de novo* review by the district court, unnecessary costs could be avoided by a single proceeding in the district court." Sec. Farms, 124 F.3d at 1008; see also Vachani, 577 B.R. at 846 ("If a claim is not core an only the District Court can enter final judgment, efficiency generally favors withdrawing the reference.") As demonstrated above, the Bankruptcy Court does not have jurisdiction to enter final orders with regard to the Motion for OSC. Therefore, judicial economy favors withdrawing the reference.

### C.  Delay and Costs to the Parties Will be Reduced by Withdrawing the Reference

The Motion for OSC was filed on January 10, 2017, less than one month ago. It is a total of five pages long. The Court's Accounting Order was entered two days later and is three pages long,

providing an order with no analysis or supporting law. On January 26, the Creditor Trustee filed

the Motion for Relief From Order. No response is yet due or filed to the Motion for Relief From

Order, and it is not yet set for hearing. As such, this proceeding is new and not fully briefed. See

Vachani, 577 B.R. at 850 ("Vachani's motion to dismiss is already fully briefed and ripe for

decision. . . . Withdrawing the reference would require this Court to set a new schedule and

become familiar with this already briefed and long-pending motion, which could result in further

delay.") Transferring the proceeding to the District Court at this juncture would reduce delay in

that the time for the Bankruptcy Court to issue proposed findings would be cut out. As the District

Court will have to conduct a *de novo* review anyway, it is more efficient and will cause less delay

to simply have the District Court rule in the first instance.

In law, time and expense seem to go hand in hand. See id. ("This delay would also cause

further expenses for both parties.") If the parties have to fully brief and have argument on this

proceeding in the Bankruptcy Court, only to do it all over again at the District Court level, it will

certainly increase costs greatly. Conservation of debtor and creditor resources is an important

factor to consider in deciding whether to withdraw the reference; removing this action now will

greatly conserve those resources. See In re Larry's Apartment, LLC, 210 B.R. 469, 474 (D. Ariz.

1997). Clearly, delay and expense weigh in favor of withdrawing the reference.

### D.  This Proceeding is Not a Core Matter and Does Not Involve Complex Issues of Bankruptcy Law

District courts will also consider the uniformity of administration of a bankruptcy case

when deciding whether to withdraw the reference. Where a matter falls within the "Bankruptcy

Court's expertise," this factor would weigh in favor of not withdrawing the reference. Vachani,

577 B.R. at 851. Typically, matters that fall within that expertise are core matters directly related

to complex facts in a bankruptcy case. Id. Here, as noted, the matter is not core and does not

1    involve complex issues of bankruptcy law. Rather, the proceedings related to the Motion for OSC

2    are largely based on state law issues of contracts, trust and privilege law. Therefore, the

3    uniformity of administration of the bankruptcy case is not threatened by the withdrawal of the

4    reference, and this factor weighs in favor of granting this Motion.

5

6    **E. The Creditor Trustee Has a Constitutional Right to Have This Proceeding Decided by an Article III Court and is Not Forum Shopping**

7    The final factor for consideration is whether the movant is engaging in forum shopping.

8

9    However, "neither denying nor granting [the Creditor Trustee's] motion will facilitate forum

10    shopping here because a district court will ultimately need to address the issues, whether initially

11    or on *de novo* review of the bankruptcy court. The prevention of forum shopping neither supports

12    nor opposes withdrawal in the present motion." In re Tamalpais Bancorp, 451 B.R. 6, 12 (N.D.

13    Cal. 2011) (citing Sec. Farms, 124 F.3d at 1009).

14                  **IV.    CONCLUSION**

15

16    Wherefore, given that the balance of factors weighs in favor of withdrawing the reference

17    in this proceeding, the Creditor Trustee requests that this Motion be granted, and that the Court

18    grant any other and further relief it may deem just and proper.

19

20    DATED:  January 31, 2018           **BRINKMAN PORTILLO RONK, APC**

21

22                              **By:** /s/ Laura J. Portillo

23                                 Laura J. Portillo

24                              Counsel for the GH USC Trustee

25

26

27

28

The foregoing was filed and served
Electronically on January 31, 2018 through
The Court's ECF system and by e-mail to:

- ELIZABETH C. AMOROSI    Elizabeth.C.Amorosi@usdoj.gov
- CARLOS M. ARBOLEDA    arboledac@abfirm.com,
  achavez@abfirm.com,Misty@abfirm.com
- WALTER J. ASHBROOK    , sybil.aytch@quarles.com
- THOMAS C. AXELSEN    taxelsen@shermanhoward.com,
  pvejar@shermanhoward.com,TAXELSEN@COX.NET,efiling@sah.com
- MICHAEL R AYERS    azcourtorders@hinshawlaw.com
- EDWARD K. BERNATAVICIUS    edward.k.bernatavicius@usdoj.gov
- FAY W. BIDLACK    fbidlack@jsslaw.com,
  lbourland@jsslaw.com,dsharp@jsslaw.com
- BRIAN BLUM    brian@andantelaw.com, teresie@andantelaw.com
- BRUCE J. BORRUS    bborrus@foxrothschild.com
- Daren R. Brinkman    daren@brinkmanlaw.com,
  brinkmanlaw@ecf.inforuptcy.com,az@brinkmanlaw.com
- MICHAEL W. CARMEL    michael@mcarmellaw.com, sharon@mcarmellaw.com
- AMANDA CARTWRIGHT    sally.erwin@bryancave.com
- SCOTT B. COHEN    SBC@ENGELMANBERGER.COM, mkk@eblawyers.com
- JOSEPH E. COTTERMAN    jcotterman@jsslaw.com, lbourland@jsslaw.com
- Grant L. Cartwright    gcartwright@maypotenza.com,
  AHarnisch@maypotenza.com,eluna@maypotenza.com
- DEAN M. DINNER    dean.dinner@sacksticrney.com,
  samanta.rivera@sacksticrney.com,Sandra.dousdebes@sacksticrney.com,Heidi.scheving-
  nelson@sacksticrney.com
- WILLIAM W. FIFE    william@williamfifelaw.com
- ROGER R. FOOTE    rfoote@jacksonwhitelaw.com, sswartz@jacksonwhitelaw.com
- ALEXANDER J GANCAYCO    alexander.gancayco@nlrb.gov
- DANIEL E. GARRISON    dan@andantelaw.com, teresie@andantelaw.com
- ANDREW A. HARNISCH    aharnisch@maypotenza.com, eluna@maypotenza.com
- ROBERT P. HARRIS    robert.harris@quarles.com, sybil.aytch@quarles.com
- KEITH L. HENDRICKS    khendricks@law-msh.com, dnavarro@law-
  msh.com,docket@law-msh.com
- KYLE S. HIRSCH    kyle.hirsch@bryancave.com,
  laremus@bryancave.com,carussell@bryancave.com,kara.schrader@bryancave.com
- LAWRENCE D. HIRSCH    lhirsch@psazlaw.com, ceckert@psazlaw.com
- PATRICK B HOWELL    phowell@whdlaw.com,
  tmichalak@whdlaw.com,dprim@whdlaw.com
- Brian D. Huben    hubenb@ballardspahr.com
- JONATHAN P. IBSEN    jibsen@clgaz.com, nfitzpatrick@clgaz.com
- STEVEN D. JEROME    sjerome@swlaw.com,
  docket@swlaw.com,mminnick@swlaw.com
- CODY J. JESS    bkdocket@biz.law

- CAROLYN J. JOHNSEN     cjjohnsen@dickinsonwright.com, ksanchez@dickinsonwright.com,psabori@dickinsonwright.com
- ROB A JUSTMAN     rjustman@meagher.com, vhenderson@meagher.com
- ROBERT M. KORT     rkort@lrrc.com, awhite@lrrc.com
- JOSEPH WM. KRUCHEK     joseph.kruchek@kutakrock.com, rebekah.poston@kutakrock.com,Kathryn.fitchett@kutakrock.com,ScottsdaleLitigationLegalAssistants@KutakRock.com
- LORI A LEWIS     LewisL01@mcao.maricopa.gov, geiserr@mcao.maricopa.gov
- LOUIS DANIEL LOPEZ     llopez@law-msh.com, docket@law-msh.com,kwhite@law-msh.com
- RYAN J. LORENZ     rlorenz@clarkhill.com, sordonez@clarkhill.com
- WESLEY S. LOY     wsl@bowwlaw.com, taf@bowwlaw.com
- HEATHER ANN MACRE     ham@ashrlaw.com, slr@ashrlaw.com,lrh@ashrlaw.com
- NANCY J MARCH     nmarch@fclaw.com, sgarcia@fclaw.com
- PERNELL W. MCGUIRE     pmcguire@davismiles.com, jstoner@davismiles.com,athomas@davismiles.com,klienhard@davismiles.com,efile.dockets@davismiles.com
- ADAM D. MELTON     amelton@tep.com, egalbraith@tep.com
- JILL H PERRELLA     jperrella@swlaw.com, hblanco-serlin@swlaw.com,docket_tux@swlaw.com
- LISA PETERS     lisa.peters@kutakrock.com, marybeth.brukner@kutakrock.com
- LAURA J PORTILLO     laura@brinkmanlaw.com
- DONALD W. POWELL     d.powell@cplawfirm.com
- WESLEY DENTON RAY     Ray@SacksTierney.com, Sandra.Dousdebes@sackstierney.com,Bankruptcy@SacksTierney.com
- PHILIP R. RUDD     Rudd@SacksTierney.com, Kara.Schrader@SacksTierney.com,Bankruptcy@SacksTierney.com
- KATHERINE ANDERSON SANCHEZ     ksanchez@dickinsonwright.com, csabori@dickinsonwright.com
- DALE C. SCHIAN     bkdocket@biz.law
- JOSEPH E. SHICKICH     jshickich@foxrothschild.com, kseabright@foxrothschild.com
- BRYCE A. SUZUKI     bryce.suzuki@bryancave.com, tina.daniels@bryancave.com,kara.schrader@bryancave.com
- MARK D. SVEJDA     mark@azrealestatelawyers.com
- BRADLEY D. WEECH     efile.dockets@davismiles.com
- DAVID IRA WEISSMAN     dweissman@clarkhill.com, dlukas@clarkhill.com
- KURT M. ZITZER     kzitzer@meagher.com, vhenderson@meagher.com

# EXHIBIT A

SO ORDERED.

Dated: January 12, 2018



_Madeleine C. Wanslee_
**Madeleine C. Wanslee, Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Case No. 2:14-bk-01451-MCW |
| **GILBERT HOSPITAL, L.L.C.,** | Chapter 11 |
| Debtor. | **ORDER GRANTING REORGANIZED DEBTOR'S APPLICATION IN PART AND ORDERING TRUSTEE FOR GILBERT HOSPITAL'S UNSECURED CREDITORS TRUST TO PRODUCE AN ACCOUNTING** |

Reorganized Debtor, New Vision Health, LLC, has filed an Application for Order to Show Cause that seeks, among other things, an order from the Court directing the Trustee for the Gilbert Hospital Unsecured Creditors Trust to produce an accounting that includes:

    (a) A ledger of all payments made to: (i) the Trustee; (ii) Trustee's counsel; and (iii) to any other professional utilized by the Trustee;

    (b) Detailed invoice and billing records, including time entries, to justify payments made to professionals;

    (c) A ledger of all payments made by the Trust to claimants/beneficiaries;

    (d) A ledger showing reserves being held for claimants/beneficiaries; and

    (e) A claims register showing claims that are being treated as allowed claims, claims that have been disallowed, and any disputed claims for which a reserve has been established.

Reorganized Debtor also asks for an Order to Show Cause directing the Trustee and Trustee's Counsel to appear and show cause, if any, why they should not be removed and/or replaced.

    The Court has reviewed the Application and grants it in part. The Court directs the Trustee to produce an accounting as requested by a date certain. However, the Court finds that

1    the Reorganized Debtor's initial Application fails to establish the legal authority for the Court to

2    consider the removal of a post-confirmation liquidating trust.  The Reorganized Debtor has not

3    shown where that authority is granted under the Code, the terms of the confirmed plan, or as

4    established by caselaw.  Further, assuming the Reorganized Debtor is able to establish the legal

5    authority, it has not identified the factors for the Court to consider in making its determination,

6    or show how the circumstances in this case meet those factors.  The Reorganized Debtor must

7    supplement its Application to provide the missing information necessary for this Court to make

8    an appropriate determination.

9         Accordingly, the Court grants the Application only in part, and directs compliance by the

10   Trustee by a date certain.

11        **IT IS ORDERED**  directing the Trustee of the Gilbert Hospital Unsecured Creditors

12   Trust to produce an accounting that includes:

13        (a) A ledger of all payments made to: (i) the Trustee; (ii) Trustee's counsel; and (iii) to
             any other professional utilized by the Trustee;
14        (b) Detailed invoice and billing records, including time entries, to justify payments made
             to professionals;
15        (c) A ledger of all payments made by the Trust to claimants/beneficiaries;
          (d) A ledger showing reserves being held for claimants/beneficiaries; and
16        (e) A claims register showing claims that are being treated as allowed claims, claims that
             have been disallowed, and any disputed claims for which a reserve has been
17           established.

18    The Trustee shall file the accounting with the Court, and serve a copy on counsel for the

19   Reorganized Debtor, no later than 5:00 p.m. on Wednesday, January 31, 2018;

20        **IT IS FURTHER ORDERED** directing the Reorganized Debtor to file a supplemental

21   application for an order to show cause on or before February 14, 2018.  Reorganized Debtor shall

22   include the legal authority for the Court to remove the Trustee of a post-confirmation liquidating

23   trust, the factors that the Court is to consider in making such a determination, and an application

24   of the facts of this case to those factors.  Reorganized Debtor shall also state in this supplement

25   the relief they are seeking or recommending that the Court implement;

26

1    **IT IS FURTHER ORDERED** setting February 28, 2018 as the deadline for the Trustee

2    to file a response; and March 9, 2018 for the Reorganized Debtor to file a reply;

3    **IT IS FURTHER ORDERED** that the Court will hold in abeyance all remaining issues

4    that may have been raised, pending the filing of a supplemental application;

5    **IT IS FURTHER ORDERED** setting an initial hearing on this matter for Wednesday,

6    March 21, 2018 at 11:00 a.m. in Courtroom 702, Seventh Floor, United States Bankruptcy Court,

7    230 North First Avenue, Phoenix, Arizona 85003.

8    **SO ORDERED.**

9                                        **DATED AND SIGNED ABOVE.**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# EXHIBIT B

Thomas J. Cesta (AZ SBN 021453)
**BRINKMAN PORTILLO RONK, APC**
18444 N. 25th Avenue, Phoenix, AZ 85016
Tel: 480.499.3550 | Fax: 800.381.2192
AZ@brinkmanlaw.com

Daren R. Brinkman (Limited Admission)
Laura J. Portillo (Limited Admission)
Kevin C. Ronk (Limited Admission)
**BRINKMAN PORTILLO RONK, APC**
4333 Park Terrace Drive, Ste. 205
Westlake Village, CA 91361
Tel: 818.597.2992 | Fax: 818.597.2998
AZ@brinkmanlaw.com

*Counsel for GH USC Trustee*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

|  |  |
|---|---|
| In Re:<br>GILBERT HOSPITAL, LLC,<br>Debtor. | Chapter 11<br><br>Case No.: 2:14-bk-01451-MCW<br><br>**MOTION FOR RECONSIDERATION OF ORDER GRANTING THE REORGANIZED DEBTOR'S APPLICATION IN PART AND ORDERING TRUSTEE FOR GILBERT HOSPITAL'S UNSECURED CREDITORS TRUST TO PRODUCE AN ACCOUNTING** |

**TO THE HONORABLE MADELEINE C. WANSLEE, UNITED STATES BANKRUPTCY JUDGE, INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:**

1

David Gottlieb, as Creditor Trustee of Gilbert Hospital Unsecured Creditors' Trust ("Creditor Trustee"), by and through his counsel, Brinkman Portillo Ronk, APC ("BPR"), files this motion for reconsideration under FRCP 60(b) of the order [Docket No. 1846] (the "Accounting Order").

## I.    INTRODUCTION

The *Motion for Order Directing the Gilbert Hospital Unsecured Creditors Trust to Produce Information About its Operations; and to Show Cause Why its Trustee and Counsel Should Not be Replaced* (the "Motion") was both procedurally and substantively deficient and the Court erred in granting any relief based upon such a substandard pleading.  The Reorganized Debtor filed its Motion for OSC on January 10, 2018.  The Court violated both the Local Bankruptcy Rules and the Federal Bankruptcy Rules on January 12, 2018 when it entered an order granting the Motion for OSC, in part.  The Accounting Order also violates Arizona law by ordering the Creditor Trustee to file, with the Court, invoices that are subject to attorney-client privilege. Neither the Creditor Trustee nor the Creditor Trust Board waives the attorney-client privilege and both invoke the attorney-client privilege and will seek an order from this Court and/or the District Court to prevent privileged information from being filed publicly on the Court's docket.

The Creditor Trustee asks the Court to review the Accounting Order under FRCP 60(b) for the following reasons:

1.    The Court violated the Creditor Trustee's right to procedural due process under the 14th Amendment.

2

2.     The Court violated both the Arizona Local Bankruptcy Rules and the Federal Bankruptcy Rules by entering the Accounting Order without giving the Creditor Trustee the 14 days to file an opposition as provided by the Local Rules.

If this Court reviews the Accounting Order using FRBP 60(b) as the standard, the Court could modify the Accounting Order based on mistake of law and fact. The Accounting Order should be revoked and the Creditor Trustee should be permitted to time to prepare and file an opposition before the Court enters an order on the OSC.

II.    **PROCEDURAL HISTORY AND RELEVANT FACTS**

A.    **The Confirmed Plan Of Reorganization States That The Oversight Of The Creditor Trustee Is Entrusted To The Creditor Trust Board.**

The *Findings of Fact, Conclusions of Law, and Order Confirming Second Amended Joint Plan of Reorganization and Declaring Effective Date*[1] (the "<u>Confirmation Order</u>"), states "[t]he GH USC Trust Agreement is approved to be executed substantially in the form attached as Exhibit D to the Plan Supplement filed at FHA DE 1065. David K. Gottlieb shall be appointed the GH USC Trustee on the Effective Date, pursuant to the terms of the GH USC Trust Agreement." See Confirmation Order at pg. 18.

Paragraph 5 of Article I of the GH Creditor Trust Agreement states:

> 5. <u>Agents and Professionals; Employees</u>.  The Creditor Trust may employ such counsel (which may be the same counsel employed by the Debtor's, Creditors' Committee or any member thereof), advisors (which may be the same advisors formerly employed by the Debtor, the Creditors' Committee or any member thereof) and other professionals (hereinafter, individually referred to as a "Professional" and collectively as "Professionals") selected by the Creditor Trustee that the Creditor Trust reasonably requires to perform its responsibilities without

---

[1] The Confirmation Order was amended by the *Stipulated Order Amending Finding of Fact, Conclusions of Law, and Order Confirming Second Amended Joint Plan of Reorganization and Declaring Effective Date* (the "Stipulated Order"). The Stipulated Order states, in part, "[t]he Confirmation Order attached hereto as **Exhibit "F"** [FHA DE 1183 and GH DE 1277] as modified by this Stipulated Order is in full force and effect and the Parties are authorized to take all necessary actions to implement the terms of the Confirmation Order and the terms of the Amended Joint Plan."

3

1
2
3
4
5
6
7
8
9

further order from the Bankruptcy Court. The Creditor Trust's Professionals shall be compensated on such basis as agreed to by the Creditor Trustee, and paid upon seven (7) calendar days' notice to the Creditor Trustee and Creditor Trust Board, without further motion, application, notice or other order of the Bankruptcy Court. Any such Professional seeking compensation of post-Effective Date fees and expenses shall submit to the Creditor Trustee and Creditor Trust Board a billing statement which shall include documentation of the fees and expenses sought. If such parties fail to object to any such billing statement within seven (7) calendar days from service of such billing statement, the fees and expenses requested thereby shall be deemed allowed and the Professional shall thereafter be immediately entitled to the compensation requested thereby and the Creditor Trustee shall forthwith pay such compensation to the Professional. If an objection to the Professional's billing statement is timely served by any such party and no consensual resolution can be reached the Professional may ask the Bankruptcy Court to resolve the dispute.

10

See pg. 9 of Creditor Trust Agreement.

11

12

**B.     The Court's Post-Confirmation Jurisdiction is Limited to Authority Granted In The Confirmed Plan**

13

14

15

16

17

References to retention of jurisdiction from the Plan [DI 1251], Confirmation Order [DI 1277], and Stipulated Order Amending the Confirmation Order [DI 1491] are set forth below. The main section on retention of jurisdiction is attached as Exhibit "A". Other, shorter references are quoted below.

18

19

20

21

22

"The calculation of the *pro rata* share of the Trust Quarterly Distribution that the FHA Liquidating Trust and the GH USC Trust are entitled to shall be done by the Chief Financial Officer of Holdco, by comparing the outstanding balances owed to each trust and calculating the *pro rata* share due. The Bankruptcy Court shall retain jurisdiction regarding any dispute that arises regarding the distributions of the Trust Quarterly Distribution."

23

24

Plan § C; pg. 34

25

26

"BB. The Court finds and concludes that the Court's retention of jurisdiction as set forth in section VII.B of the Plan and as modified below comports with 28 U.S.C. §157."

27

28

Confirmation Order § B; pg. 11

4

"33. This Court shall retain jurisdiction pursuant to section VII.B of the Plan to adjudicate any unresolved issues described and reserved in this Order. Such retention of jurisdiction shall not, and does not, affect the finality of this Order. The Court expressly determines that there is no just reason for delay and expressly directs the entry of this Order as a final order."

Confirmation Order § C; pg. 20

"21. Subsequent to the entry of this Stipulated Order, the limited joint administration of the GH Case and the FHA Case shall be terminated and the GH Case shall be transferred back to the GH Court which will have jurisdiction over any claim objections and avoidance actions filed by the GH USC Trust. The FHA Court will continue to have and exercise jurisdiction over the FHA Case and the implementation or interpretation of the Amended Joint Plan, the Confirmation Order or this Stipulated Order."

Amended Confirmation Order; pg. 7

**C.     Reorganized Debtor Filed A Motion For An Order To Show Cause**

On January 10, 2018 New Vision Health, LLC ("NVH") calling itself the Reorganized Debtor, filed a motion for order directing the Gilbert Hospital Unsecured Creditors Trust to produce information about its operations; and to show cause why its Trustee and Counsel should not be replaced.

The Creditor Trustee submits that the entry of the Accounting Order was based on the Court's mistakes regarding facts and law. The Creditor Trustee requests that the Court review the Accounting Order under FRCP 60(b).

III.     **ARGUMENT**

**A.     The Court Can Modify the Order Under 60(b) Because There Has Been A Mistake of Law and Fact**

The Court has the authority to grant the underlying relief requested under Federal Rule of Civil Procedure ("FRCP") 60(b), which provides: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or

5

1    proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable

2    neglect; . . . or (6) any other reason that justifies relief." FRCP 60 is made applicable to

3    bankruptcy cases by Federal Rule of Bankruptcy Procedure ("FRBP") 9024, as this rule

4    "compliments the discretionary power that bankruptcy courts have as courts of equity 'to

5    reconsider, modify or vacate their previous orders so long as no intervening rights have

6    become vested in reliance on the orders.'" In Re International Fibercom, Inc., 503 F.3d 933,

7    

8    940 (9th Cir. 2007) (quoting Meyer v. Lenox (In re Lenox), 902 F.2d 737, 740 (9th

9    Cir.1990)).

10       The decision of whether to grant relief under FRCP 60(b)(1) ultimately comes down

11   to the sound discretion of the judge. TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691,

12   695 (9th Cir. 2001). When exercising its discretion, the court should balance the policy of

13   serving the ends of justice against the interests of litigants, courts, and the public in finality of

14   judgments. Id. Other than policy considerations, there are factors a court should look to in

15   

16   deciding whether to grant relief on the basis of mistake or inadvertence. Namely, the court

17   should determine whether the "motion is timely," "exceptional circumstances exist," and if

18   

19   "unfair prejudice will accrue to the opposing parties should the motion be granted." Karak v.

20   Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002); see also TCI Group, 244 F.3d at 696.

21       **B.    The Accounting Order Violates The Creditor Trustee's Rights To**
          **Procedural Due Process Under The 14th Amendment**

22   

23       "The requirements of procedural due process apply only to the deprivation of interests

24   encompassed by the Fourteenth Amendment's protection of the liberty and property. When

25   protected interests are implicated, the right to some kind of prior hearing is paramount." Bd.

26   of Regents of State Colleges v. Roth, 408 U.S. 564, 569, 92 S. Ct. 2701, 2705, 33 L. Ed. 2d

27   548 (1972).  The U.S. Supreme Court has held that, "[w]here a person's good name,

28   

6

1  reputation, honor or integrity is at stake because of the government is doing to him, notice

2  and an opportunity to be heard are essential." Wisconsin v. Constantineau, 400 U.S. 433,

3  437, 91 S. Ct. 507, 510, 27 L. Ed. 2d 515 (1971).

4        Here, the Motion besmirches the Creditor Trustee's professional reputation with

5  unsubstantiated defamatory statements designed to inflame the Court so the Motion will be

6  granted. For example, the Motion states the Creditor Trustee has acted in a "haphazard

7

8  manner in which the GH USC Trust and its professionals are performing their duties."

9  Motion page 2, lines 12 – 13.  The Motion also accuses the Creditor Trustee of dereliction of

10  his duties by stating that "the GH USC Trust is not operating in an efficient or trustworthy

11  manner or acting in the best interests of Gilbert Hospital's unsecured creditors."  Motion

12  page 2, lines 14 – 16.  In addition, the Motion accuses the Creditor Trustee of managing the

13  Creditor Trust in a way that causes an "inability to perform its duties effectively." Motion,

14

15  page 2, line 21.

16

17        The Court entered an order granting the Motion, in part, just two days after the

18  Motion was filed, without a hearing or even notice to the Creditor Trustee that the 14-day

19  deadline for filing a response to the Motion was being shortened.  In doing these things, the

20  Court appears to have adopted the NVH's sentiment.  The Creditor Trustee's good name,

21  reputation, honor and integrity are unquestionably at stake.  The Creditor Trustee is a

22  chapter 7 panel trustee with an impeccable reputation.  Only when the Court reconsiders its

23

24  order and affords the Creditor Trustee the opportunity to oppose the Motion and a hearing

25  on the matter, can the Creditor Trustee have procedural due process.

26

27

28

7

**C.    The Creditor Trustee Meets the Factors For Granting Relief**

The relief sought by the Creditor Trustee in this Motion is revocation of the

Accounting Order, and an opportunity to prepare and file and opposition to the OSC

Motion.

**1.    The Motion is Timely**

The first factor courts consider in motions under FRCP 60 is whether the motion was

timely filed. A motion under FRCP 60(b) "must be made within a reasonable time – and for

reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the

date of the proceeding." Fed. R. Civ. P. 60(c)(1). This motion is made two weeks from the

date of entry of the Accounting Order, before any appeal has been decided. No positions of

any parties have changed in reliance on the Accounting Order. As such, there are no

circumstances which would render this motion unreasonably timed.

**2.    The Court's Error In Violating The Local Bankruptcy Rules And
Entering The Accounting Order Before The Objection Period Ran Created
Circumstances Exist To Justify Granting This Motion**

There is no authority cited in the Motion to allow the Court to deprive the Creditor

Trustee of the 14-day period to file an opposition.

The Reorganized Debtor filed its Motion for OSC on January 10, 2018.  The Court

violated both the Local Bankruptcy Rues and the Federal Bankruptcy Rules on January 12,

2018 when it entered an order granting the Motion for OSC, in part.

Under Local Bankruptcy Rule 9013-1 Sections (c) and (d)...

> **c) Response and Reply Times for Motions.**  Unless otherwise set forth
> in the Rules, the Local Rules, the notice prescribed in paragraph (j) or an
> order of the court, the party responding to a motion shall have 14 days after
> service within which to serve and file a responsive memorandum, and the
> moving party shall have 14 days after service of the responsive memorandum
> to serve and file a reply.

8

**(d) Unopposed or Ex Parte Motions.**  Motions that the moving party contends are unopposed or need not be set for hearing shall so state and be accompanied by a separate proposed order granting the relief requested.  If the moving party contends that the motion should be granted on an ex parte basis, the motion shall state why it may be granted without notice and shall be accompanied by a form of order.

Section (c) specifically gives a party responding to a motion "14 days after service within which to serve and file a responsive memorandum…" The Court improperly entered an order granting the motion, in part, within two days of the motion being filed. The Creditor Trustee was deprived of his fourteen days to file an opposition to the Motion.

While Section (d) allows for an order to be granted on an ex parte basis, the rule requires the moving party to state that the motion is "unopposed or need not be set for hearing" and the motion must state "why it shall be granted without notice".

The Motion was improperly granted, in part, by the Court without giving the Creditor Trustee the 14 days to file an opposition, and without any statement that either the motion would be unopposed or that the Motion should be granted on an ex parte basis.

3.    **No Unfair Prejudice Will Result To Any Party Because The OSC Motion Can Go Gorward If The Court Revokes The Order And The Creditor Trustee Is Given The Requisite Time To File An Opposition To The OSC Motion**

Courts finally look to whether any party will suffer unfair prejudice if the FRCP 60 motion is granted. In this case, as demonstrated above, only positive consequences will result from the granting of this Motion. The Creditor Trustee would be afforded the 14 day period to respond to the Motion that is guaranteed by the Local Rules. In short, no party would be negatively affected in any way by the change and so no party could claim that it was unfairly prejudiced.

9

The only unfair prejudice that could come from this 60(b) Motion would be to the

Creditor Trust if the motion were denied.

## IV.    The Reorganized Debtor Has Not Provided Any Legal Authority Under Which the Court Can Grant Its Motion

The Reorganized Debtor has not offered any legal authority under which the Court

could modify the plan and circumvent the exclusive powers of the Creditor Trustee and

Creditor Trust Board.

### A.    Court's Post-Confirmation Authority is Limited to That Provided For in The Plan

The Court cannot expand its own authority beyond that provided for in the Plan,

because it is a well established legal principle that "[a] bankruptcy court retains post-

confirmation jurisdiction in a chapter 11 proceeding only to the extent provided in the plan

of reorganization." In re Johns-Manville Corp., 7 F.3d 32, 34 (2nd Cir. 1993); *see also* In re

Lacy, 183 Bankr. 890, 894 (D. Colo. 1995) ("Confirmation of a reorganization plan causes

the bankruptcy court's jurisdiction to contract.")

### B.    The Court Cannot Grant the Reorganized Debtor's Motion Under Under Either § 1142 or § 105

Section 1142 governs the implementation of a plan of reorganization and reads:

(a) Notwithstanding any otherwise applicable nonbankruptcy law, rule, or regulation relating to financial condition, the debtor and any entity organized or to be organized for the purpose of carrying out the plan shall carry out the plan and shall comply with any orders of the court.

(b) The court may direct the debtor and any other necessary party to execute or deliver or to join in the execution or delivery of any instrument required to effect a transfer of property dealt with by a confirmed plan, and to perform any other act, including the satisfaction of any lien, that is necessary for the consummation of the plan.

10

1      While § 1142 allows the bankruptcy courts to retain post-confirmation jurisdiction,

2  the court retains only enough authority to compel the necessary parties to perform those acts

3  "necessary for the consummation of the plan". Case law limits the use of § 1142 to a very

4  narrow scope, and expressly denies the bankruptcy court the continuing supervision of a

5  reorganized estate.

6

7      It is well established federal law that in confirming a plan of reorganization, a court

8  can only retain jurisdiction in order to protect its decree, to prevent interference with

9  execution of plan, and to aid otherwise in its operation and may not, through device of

10  retaining jurisdiction, keep an estate in tutelage and burden the court with future supervision

11  of a reorganized estate.  Towers Hotel Corp. v Lafayette Nat'l Bank, 148 F.2d 145 (2nd Cir.

12  1945).

13

14      Post confirmation jurisdiction of the bankruptcy courts in Chapter 11 cases is limited

15  to those matters expressly reserved by the confirmation order.  See Hospital & University

16  Property Damage Claimants v. Johns-Manville Corp. (In re Johns-Manville Corp.), 7 F.3d 32, 34 (2d

17  Cir. 1993) ("A bankruptcy court retains post-confirmation jurisdiction in a chapter 11

18  proceeding only to the extent provided in the plan of reorganization . . . [Post confirmation

19  jurisdiction] is defined [exclusively] by reference to the plan."); Walnut Assocs. v. Saidel,

20

21  164 Bankr. 487, 492 (E.D. Pa. 1994) ("[After a plan has been confirmed, subject matter

22  jurisdiction is specifically conferred on the bankruptcy court to resolve only post-

23  confirmation matters. . ."); Portfolio Lease Funding Corp., No.1 v. Seagate Technology, Inc.

24  (In re Atlantic Computer Sys., Inc.), 163 Bankr. 704 (Bankr. S.D.N.Y. 1994) (If the plan and

25  the order confirming the plan conflict over retained jurisdiction, the plan controls.); In re

26  J.R. Food Mart of Ark., Inc., 161 Bankr. 462, 463 (Bankr. E.D. Ark. 1993) ("The

27  Bankruptcy Code [i.e., 11 U.S.C. § 1141] envisions very limited jurisdiction over a Chapter

28

11

1    11 case after confirmation of a plan."); Neptune World Wide Moving, Inc. v. Schneider

2    Moving & Storage Co. (In re Neptune World Wide Moving, Inc.), 111 Bankr. 457 (Bankr.

3    S.D.N.Y. 1990) (11 U.S.C. § 1141 controls extent to which the court may retain jurisdiction

4    post confirmation; section 1141(b) confers limited post confirmation jurisdiction upon the

5    bankruptcy court for the purpose of implementing the plan.); In re Aylesbury Inn, Inc., 121

6    Bankr. 675 (Bankr. N.D.N.Y. 1990) (court may exercise post confirmation jurisdiction only

7    to the extent retained in the plan and only with respect to matters pending at confirmation.);

8

9    Pennsylvania Cos v. Stone (In re Greenley Energy Holdings of Pa., Inc.).

10           In fact, the reservation of jurisdiction beyond what is requisite to effectuate plan of

11   reorganization has been beyond the power of the bankruptcy court for over a century.  Reese

12   v Beacon Hotel Corp, (1945, CA2 NY) 149 F2d 610; In re President Realty Co. (1946, DC

13   NJ) 67 F Supp 390.  The court in In re East Boston Coal Co. highlighted the historical

14   progression of limiting the Court's post-confirmation authority.  The East Boston Court

15   stated that former 11 USCS § 624 contemplates that court shall retain jurisdiction of debtor

16   until consummation of plan of reorganization in order to insure that provisions of plan are

17   carried out, but there is nothing in Bankruptcy Act of 1898 to indicate that court retains

18   jurisdiction of debtor for purpose of disposing of any controversy which might arise

19   between debtor and third parties relating to matters other than plan of reorganization.  In re

20

21   East Boston Coal Co. (1942, DC Pa) 47 F Supp 593; In re East Boston Coal Co. (1944, DC

22   Pa) 53 F Supp 734.

23

24           Case law has also severely limited the Court's power under 11 U.S.C. § 105.  The

25   power granted to the bankruptcy courts under 11 U.S.C. § 105 is not boundless and should

26   not be employed as a panacea for all ills confronted in the bankruptcy case.  See In re

27

28

1  Duckle Assoc., Inc., 19 B.R. 481, 485-86 (Bankr. E.D. Pa. 1982)(the court's equitable

2  powers under section 105 are not unrestricted).  Section 105 does not allow the bankruptcy

3  court to override explicit mandates of other sections of the Bankruptcy Code or mandates of

4  other state and federal statutes.  As aptly put by one court, section 105 does not "authorize

5  the bankruptcy courts to create substantive rights that are otherwise unavailable under

6  applicable law,  or constitute a roving commission to do equity."  United States v. Sutten,

7  786 F.2d 1305, 1308 (5th Cir. 1986).  Section 105(a) merely authorizes the bankruptcy or

8  district courts to issue orders required to implement the substantive provisions of the

9  Code.  In re Packers' Cold Storage, Inc., 64 B.R. 265, 267 (Bankr. C.D. Cal. 1986).

10

11        It is beyond the scope of this Court's power to change the terms of the Creditor Trust

12  as incorporated by the Confirmation Order.  The Creditor Trust Board and the Creditor

13  Trustee have the exclusive right to review the Trustee's professional fees and authorize

14  payment of such fees. Neither the Creditor Trustee nor the Creditor Trust Board have any

15  duty to file private and privileged detailed legal invoices as part of public record in the

16  Court's docket. The Court erred in making such an order prematurely while depriving the

17  Creditor Trustee of his time to respond under the Court Rules.

18

19  ///

20  ///

21

22

23

24

25

26

27

28

13

## CONCLUSION

For the foregoing reasons, the Creditor Trustee respectfully requests that the Court grant the Motion to Reconsider and revoke the Accounting Order and allow the Creditor Trustee to file an opposition fourteen days after the entry of the order granting this Motion for Reconsideration.

DATED:   January 26, 2018            **BRINKMAN PORTILLO RONK, APC**

                                     **By: /s/Laura Portillo**
                                        Laura J. Portillo

                                     Counsel for David Gottlieb Creditor Trustee of
                                     Gilbert Hospital Unsecured Creditors Trust

The foregoing was filed and served
Electronically on January 26, 2018 through
The Court's ECF system and by e-mail to:

ELIZABETH C. AMOROSI    Elizabeth.C.Amorosi@usdoj.gov
CARLOS M. ARBOLEDA    arboledac@abfirm.com,
achavez@abfirm.com,Misty@abfirm.com
WALTER J. ASHBROOK    , sybil.aytch@quarles.com
THOMAS C. AXELSEN    taxelsen@shermanhoward.com,
pvejar@shermanhoward.com,TAXELSEN@COX.NET,efiling@sah.com
MICHAEL R AYERS    azcourtorders@hinshawlaw.com
EDWARD K. BERNATAVICIUS    edward.k.bernatavicius@usdoj.gov
FAY W. BIDLACK    fbidlack@jsslaw.com, lbourland@jsslaw.com,dsharp@jsslaw.com
BRIAN BLUM    brian@andantelaw.com, teresie@andantelaw.com
BRUCE J. BORRUS    bborrus@foxrothschild.com
Daren R. Brinkman    daren@brinkmanlaw.com,
brinkmanlaw@ecf.inforuptcy.com,az@brinkmanlaw.com
MICHAEL W. CARMEL    michael@mcarmellaw.com, sharon@mcarmellaw.com
AMANDA CARTWRIGHT    sally.erwin@bryancave.com
SCOTT B. COHEN    SBC@ENGELMANBERGER.COM, mkk@eblawyers.com
JOSEPH E. COTTERMAN    jcotterman@jsslaw.com, lbourland@jsslaw.com
Grant L. Cartwright    gcartwright@maypotenza.com,
AHarnisch@maypotenza.com,eluna@maypotenza.com
DEAN M. DINNER    dean.dinner@sackstierney.com,
samanta.rivera@sackstierney.com,Sandra.dousdebes@sackstierney.com,Heidi.scheving-nelson@sackstierney.com

14

WILLIAM W. FIFE     william@williamfifelaw.com

ROGER R. FOOTE     rfoote@jacksonwhitelaw.com, sswartz@jacksonwhitelaw.com

ALEXANDER J GANCAYCO     alexander.gancayco@nlrb.gov

DANIEL E. GARRISON     dan@andantelaw.com, teresie@andantelaw.com

ANDREW A. HARNISCH     andy@mhlawaz.com, tanya@mhlawaz.com

ROBERT P. HARRIS     robert.harris@quarles.com, sybil.aytch@quarles.com

KEITH L. HENDRICKS     khendricks@law-msh.com, dnavarro@law-msh.com,docket@law-msh.com

KYLE S. HIRSCH     kyle.hirsch@bryancave.com, laremus@bryancave.com,carussell@bryancave.com,kara.schrader@bryancave.com

LAWRENCE D. HIRSCH     lhirsch@psazlaw.com, ceckert@psazlaw.com

PATRICK B HOWELL     phowell@whdlaw.com, tmichalak@whdlaw.com,dprim@whdlaw.com

Brian D. Huben     hubenb@ballardspahr.com

JONATHAN P. IBSEN     jibsen@clgaz.com, nfitzpatrick@clgaz.com

STEVEN D. JEROME     sjerome@swlaw.com, docket@swlaw.com,mminnick@swlaw.com

CODY J. JESS     bkdocket@biz.law

CAROLYN J. JOHNSEN     cjjohnsen@dickinsonwright.com, ksanchez@dickinsonwright.com,psabori@dickinsonwright.com

ROB A JUSTMAN     rjustman@meagher.com, vhenderson@meagher.com

ROBERT M. KORT     rkort@lrrc.com, awhite@lrrc.com

JOSEPH WM. KRUCHEK     joseph.kruchek@kutakrock.com, rebekah.poston@kutakrock.com,Kathryn.fitchett@kutakrock.com,ScottsdaleLitigationLegal Assistants@KutakRock.com

LORI A LEWIS     LewisL01@mcao.maricopa.gov, geiserr@mcao.maricopa.gov

LOUIS DANIEL LOPEZ     llopez@law-msh.com, docket@law-msh.com,kwhite@law-msh.com

RYAN J. LORENZ     rlorenz@clarkhill.com, sordonez@clarkhill.com

WESLEY S. LOY     wsl@bowwlaw.com, taf@bowwlaw.com

HEATHER ANN MACRE     ham@ashrlaw.com, slr@ashrlaw.com,lrh@ashrlaw.com

NANCY J MARCH     nmarch@fclaw.com, sgarcia@fclaw.com

PERNELL W. MCGUIRE     pmcguire@davismiles.com, jstoner@davismiles.com,athomas@davismiles.com,klienhard@davismiles.com,efile.dockets@davismiles.com

ADAM D. MELTON     amelton@tep.com, egalbraith@tep.com

JILL H PERRELLA     jperrella@swlaw.com, hblanco-serlin@swlaw.com,docket_tux@swlaw.com

LISA PETERS     lisa.peters@kutakrock.com, marybeth.brukner@kutakrock.com

LAURA J PORTILLO     laura@brinkmanlaw.com

DONALD W. POWELL     d.powell@cplawfirm.com

WESLEY DENTON RAY     Ray@SacksTierney.com, Sandra.Dousdebes@sackstierney.com,Bankruptcy@SacksTierney.com

PHILIP R. RUDD     Rudd@SacksTierney.com, Kara.Schrader@SacksTierney.com,Bankruptcy@SacksTierney.com

KATHERINE ANDERSON SANCHEZ     ksanchez@dickinsonwright.com,

1  csabori@dickinsonwright.com
   DALE C. SCHIAN    bkdocket@biz.law
2  JOSEPH E. SHICKICH    jshickich@foxrothschild.com, kseabright@foxrothschild.com
   BRYCE A. SUZUKI    bryce.suzuki@bryancave.com,
3  tina.daniels@bryancave.com,kara.schrader@bryancave.com
   MARK D. SVEJDA    mark@azrealestatelawyers.com
4  BRADLEY D. WEECH    efile.dockets@davismiles.com
5  DAVID IRA WEISSMAN    dweissman@clarkhill.com, dlukas@clarkhill.com
   KURT M. ZITZER    kzitzer@meagher.com, vhenderson@meagher.com
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

(c)     The statutory fees owing to the United States Trustee shall have been paid in full;

(d)     All exhibits to the Plan, including those to be contained in a supplement, shall be in a form satisfactory to the Plan Proponents;

(e)     The amended organizational documents and operating agreements of Holdco and the Reorganized Debtors, in form and substance satisfactory to the Plan Proponents, shall have been filed, effected, or executed, as required;

(f)     All other actions, authorizations, consents, and regulatory approvals (if any) necessary to implement the provisions of the Plan shall have been obtained, effected, or executed in a manner acceptable to the Plan Proponents, or, if waivable, waived by the Person or Persons entitled to the benefit thereof;

(g)     The FHA Trust Agreement, in form and substance satisfactory to the Plan Proponents, shall have been entered into by all parties thereto, and the FHA Liquidating Trust shall have been created thereunder;

(h)     The GH USC Trust Agreement, in form and substance satisfactory to the Plan Proponents and the GH Committee, shall have been entered into by all parties thereto, and the GH USC Trust shall have been created thereunder;

(i)     The Effective Date Contract Notice shall have been completed and filed;

(j)     The new equity interests in Holdco and the Reorganized Debtors shall have been duly authorized and, with the occurrence of the Effective Date, shall be validly issued and outstanding; and

(k)     The Reorganized Debtors shall have sufficient funds on hand with which to pay all Allowed Claims required to be paid on the Effective Date, except to the extent that Claimants have agreed to less favorable treatment.

## B.     Retention of Jurisdiction

The Bankruptcy Court will retain jurisdiction to insure that the purposes and intent of the Amended Joint Plan are carried out. To insure efficient adjudication of any issues raised under the Bankruptcy Court's retention of jurisdiction contained herein, any party in interest will bring any issues related to the purposes and intent of the Amended Joint Plan in front of the Bankruptcy Judge assigned to the lowered numbered Bankruptcy Case, i.e., the FHA Bankruptcy. Without limiting the generality of the foregoing, the Bankruptcy Court will retain jurisdiction, until the Amended Joint Plan is fully consummated, for the following purposes:

### 1.     Claims Determination

The Bankruptcy Court shall retain jurisdiction to determine the classification, allowance, subordination, and liquidation of Claims (including Administrative Claims) and Interests, and the reexamination of Allowed Claims for purposes of determining acceptances at the time of Confirmation, and the determination of such objections as may be filed. The failure by the Debtors to object to or to examine any Claim for the purpose of determining acceptance of the Amended Joint Plan shall not be deemed to be a waiver of any right to object to or reexamine any Claim in whole or in part.

### 2.     Estate Assets

The Bankruptcy Court shall retain jurisdiction to determine all questions and disputes regarding title to the assets of both FHA/Reorganized FHA and GH/Reorganized GH, and all causes of action, controversies, disputes, or conflicts, known or unknown, whether or not subject to action pending as of the Confirmation Date, between Reorganized FHA or Reorganized GH and

any other Person, including but not limited to such Reorganized Debtor's right to recover assets, avoid transfers, recover fraudulent transfers, offset claims, recover money or property from any Person, or return assets which were or are the property of the Bankruptcy Estates as defined in the Bankruptcy Code.

### 3.    Executory Contracts

The Bankruptcy Court may determine all matters relating to the assumption, assignment, or rejection of executory contracts and unexpired leases, including claims for damages from the rejection of any executory contract or unexpired lease.

### 4.    Unliquidated Claims

The Bankruptcy Court may liquidate or estimate damages or determine the manner and time for such liquidation or estimation in connection with any Contingent, Disputed, or Unliquidated Claims.

### 5.    Plan Corrections

The Bankruptcy Court may authorize the correction of any defect, the curing of any omission, or the reconciliation of any inconsistency in the Amended Joint Plan, the Confirmation Order, or any and all documents executed or to be executed in connection therewith, as may be necessary to carry out the purposes and the intent of the Amended Joint Plan, on such notice as the Bankruptcy Court shall determine to be appropriate.

### 6.    Plan Modifications

The Bankruptcy Court shall have jurisdiction to authorize a modification of the Amended Joint Plan after Confirmation pursuant to the Bankruptcy Rules and the Bankruptcy Code.

### 7.    Adversary Proceedings

The Bankruptcy Court may adjudicate all claims, controversies, contested matters, or adversary proceedings arising out of any purchases, sales, agreements, or obligations made or undertaken by and between a Debtor and any other Person during the pendency of the FHA Bankruptcy or the GH Bankruptcy, and such jurisdiction shall continue after the closing of these cases.

### 8.    Plan Interpretation

The Bankruptcy Court may enforce and interpret the terms and conditions of the Amended Joint Plan and all controversies and disputes that may arise in connection with the enforcement, interpretation, or consummation of the Amended Joint Plan.

### 9.    Deadlines

The Bankruptcy Court may shorten or extend, for cause, the time fixed for doing any act or thing under the Amended Joint Plan, on such notice as the Bankruptcy Court shall determine to be appropriate.

### 10.    Enforcement of Discharge; Other Injunctive Relief

The Bankruptcy Court may enter any order, including injunctions, necessary to enforce the title, rights, and powers of the Reorganized Debtors and the FHA Liquidating Trustee, and to impose such limitations, restrictions, terms, and conditions on such title, rights, and powers as the Bankruptcy Court may deem appropriate.

11.     **Additional Matters**

The Bankruptcy Court may determine such other matters as may be provided in the Confirmation Order or as may be authorized under the Bankruptcy Code.

12.     **Case Closing**

The Bankruptcy Court may enter a final decree closing the FHA Bankruptcy or the GH Bankruptcy at any time after substantial consummation of the Amended Joint Plan. Unless otherwise ordered by the Bankruptcy Court, the closing of the case shall not affect the Bankruptcy Court's jurisdiction of any adversary proceeding or contested matter and shall not limit the Bankruptcy Court's reserved jurisdiction under this Amended Joint Plan or under the Bankruptcy Code or other applicable statute.

**C.     Modification of the Plan**

In addition to the modification rights under Section 1127 of the Bankruptcy Code, the Plan Proponents may propose amendments to, or modifications of, this Amended Joint Plan at any time prior to entry of the Confirmation Order, with leave of the Bankruptcy Court, upon such notice as may be prescribed by the Bankruptcy Court. After entry of the Confirmation Order, the Plan Proponents may, with the approval of the Bankruptcy Court, and so long as it does not materially or adversely affect the interest of creditors, cure any omission, correct any defect, or reconcile any inconsistencies in the Amended Joint Plan, the Confirmation Order, or any and all documents executed or to be executed in accordance therewith, in such manner as may be necessary to carry out the purposes and intent of this Amended Joint Plan.

**D.     Conditions to Confirmation and Occurrence of the Effective Date**

1.     **Confirmation**

It shall be a condition to confirmation of this Amended Joint Plan that the Amended Joint Plan be confirmed in both the GH Bankruptcy and the FHA Bankruptcy.

2.     **Effective Date**

Notwithstanding satisfaction of the condition specified above, it shall be a condition to the occurrence of the Effective Date of the Amended Joint Plan in both the GH Bankruptcy and the FHA Bankruptcy that GH shall be satisfied in its discretion with the results of its legal, accounting, and regulatory due diligence investigations. The parties shall use their commercially reasonable efforts to take or cause to be taken all such actions required to consummate the transactions contemplated hereby including, without limitation, such actions as may be necessary to obtain, prior to the occurrence of the Effective Date, all necessary governmental or other third party approvals and consents required to be obtained by each party in connection with the consummation of the transactions contemplated by this Amended Joint Plan.

**E.     Effect of Confirmation**

1.     **Discharge of Claims**

Except as otherwise provided in the Amended Joint Plan or the Confirmation Order, entry of the Confirmation Order acts as a discharge, effective as of the Effective Date, of any and all debts, obligations, liabilities, Claims, and Interests, whether contingent or otherwise, of GH and FHA that arose at any time before the Effective Date, pursuant to Section 1141(d)(1) of the